UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

ANTHONY CARLTON DUNLAP, SR.,  )
                              )
    **Plaintiff,**          )
                              )
    v.                      )    No. 2:06-CV-0020-JCH
                              )
ROBERT HAMPTON,               )
G. JORGENSON, E. CONLEY,      )
RICHARD MILES and GALE BAILEY,)
                              )
    **Defendants.**         )

# ORDER

This matter is before the Court upon the application of Anthony Carlton Dunlap, Sr., (registration no. 1084847), an inmate at the Moberly Correctional Center (MCC), for leave to commence this action without payment of the required filing fee [Doc. 1].[1]

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28

---

[1]The Court notes that plaintiff previously filed and voluntarily dismissed, without prejudice, a similar complaint. *See Dunlap v. Hampton*, No. 2:05-cv-31-JCH (E.D. Mo.).

U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $62.42, and an average monthly account balance of $125.17. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $25.03 which is 20 percent of applicant's average monthly balance.

## 42 U.S.C. § 1997e(g)(2)

Pursuant to 42 U.S.C. § 1997e(g)(2), the Court may require any defendant to reply to a complaint brought by a prisoner pursuant to 42 U.S.C. § 1983 or any other federal law if it finds that the plaintiff has a reasonable opportunity to prevail on the merits. Moreover, 28 U.S.C. § 1915A, requires the Court to identify any cognizable claims that would survive dismissal.

A review of the complaint indicates that plaintiff's claims regarding the denial of adequate medical care in violation of the Eighth Amendment survive review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed as this time. Therefore, the Court will order that the defendants reply to the complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $25.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Hampton, Jorgenson, Conley, Miles and Bailey shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to the Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

Dated this 28th day of April, 2006.

        **/s/ Jean C. Hamilton**
        **UNITED STATES DISTRICT JUDGE**